IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FAYE RENNELL HOBSON )
 )
v. ) NO. 3:17-1485
 )
PATRICK M. SHANAHAN )
Acting Secretary, Department of Defense[1] )

**TO:    Honorable William L. Campbell, Jr., District Judge**

# REPORT AND RECOMMENDATION

By Order entered December 18, 2017 (Docket Entry No. 8), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(a)( and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is Defendant's motion to dismiss (Docket Entry No. 46), to which Plaintiff has filed a response in opposition. *See* Docket Entry Nos. 48-50, 52, and 54. For the reasons set forth below, the undersigned respectfully recommends that the motion be granted in part and denied in part.

## I. BACKGROUND

Faye Rennell Hobson ("Plaintiff") is a resident of Clarksville, Tennessee and a former employee of the United States Department of Defense Education Activity ("DoDEA"), an agency within the Department of Defense ("DoD"). Plaintiff began working as a teacher with the DoDEA in 2002, and held several different teaching jobs within the DoDEA over the course of the next decade and a half. Some of the jobs were within the United States at the Fort Campbell Military Installation ("Fort Campbell") and some were overseas in Germany and Guam, and, most recently,

---

[1] Upon the resignation of James Mattis as the Secretary of Defense, Patrick M. Shanahan, the acting Secretary of Defense, is substituted as the named defendant in this action. *See* Rule 25(d) of the Federal Rules of Civil Procedure.

in South Korea. Although Plaintiff was employed overseas for several years, her husband is a veteran who retired from Fort Campbell and Plaintiff's desire was for employment in the Fort Campbell area. Prior to the 2016-2017 school year, Plaintiff was reassigned from South Korea to a high school teaching position at the Fort Knox, Kentucky Army Base ("Ft. Knox"), where she began teaching in August 2016.

Plaintiff's stay at Ft. Knox was short lived, however, and she resigned from her employment, effective October 14, 2016.[2] Believing that she had suffered from discriminatory and retaliatory treatment, Plaintiff filed two administrative complaints of employment discrimination with the DoDEA's Diversity Management and Equal Opportunity Office ("DMEO"). In her first complaint, No. DE-FY16-144/2017-CONF-008 ("Administrative Complaint #144"), filed on October 21, 2016, she complained that she was subjected to discrimination based on physical and mental disabilities (injured right hand, osteoarthritis, and anxiety disorder), race (African-American), and retaliation for prior EEO activity. Specifically, she alleged that: (1) she was wrongfully denied her preferred requested reasonable accommodation of a reassignment to a teaching position at the Ft. Campbell Middle School; (2) she was wrongfully denied 58 out of 88 graduate credits from her Masters +30 pay grade, which decreased her salary; and, (3) her pay was wrongfully reduced beginning on September 17, 2016, because of debt tickets that had been lodged against her by the DoD.[3]

In her second complaint, No. DE-FY17-003/2017-CONF-014 ("Administrative Complaint #003"), filed on November 15, 2016, she reasserted the bulk of her prior complaint, added an allegation that she had been constructively discharged from the Ft. Knox teaching position, and linked discrimination on account of her disability, race, and prior EEO activity to the alleged constructive discharge.[4]

---

[2] *See* Docket Entry No. 47-1.

[3] *See* Complaint (Docket Entry No. 1) at 38-51 and Docket Entry No. 47-2.

[4] *See* Docket Entry No. 50-1 at 82-96.

2

By separate letters dated January 4, 2017,[5] Plaintiff was notified that her administrative complaints were accepted but would be transferred to the Washington Headquarters Services Office of Equal Employment Opportunity Programs ("WHS") for further processing because of conflicts of interest within the DMEO. Plaintiff was specifically advised that Administrative Complaint #003 was accepted separately from Administrative Complaint #114 as a "mixed case" complaint because Administrative Complaint #003 alleged both a claim of constructive discharge, which is an employment action appealable to the Merit Systems Protection Board ("MSPB"), and a claim of unlawful employment discrimination related to the constructive discharge.[6]

Both administrative complaints then wound their way through the administrative process. A Report of Investigation ("ROI") on Administrative Complaint #114 was provided to Plaintiff on June 20, 2017, and the DoDEA issued a Final Agency Decision ("FAD") that Plaintiff was not unlawfully discriminated against based on her disabilities or race, or in reprisal for prior EEO activity.[7] Plaintiff asserts that she received the FAD on October 27, 2017.

With respect to Administrative Complaint #003, Plaintiff elected to initiate an appeal to the MSPB on April 7, 2017,[8] since she had not received a FAD within 120 days of filing of the administrative complaint,[9] as was her right in a mixed case complaint under 29 C.F.R. § 1614.302(d)(1)(i) and 5 C.F.R. § 1201.154(b)(2). On August 7, 2017, the appeal was dismissed by the MSPB administrative law judge ("ALJ") for lack of jurisdiction upon an initial decision that Plaintiff's resignation was not involuntary and that the MSPB had no jurisdiction over the allegations of discrimination and retaliation related to the resignation.[10] The ALJ's initial decision became final

---

[5] *See* Docket Entry No. 50-1 at 144-152.

[6] *Id*. at 144-145.

[7] *See* Complaint at 10-19.

[8] Although Plaintiff initially filed an appeal to the MSPB on February 9, 2017, this appeal was dismissed without prejudice as premature. *See* Docket Entry Nos. 47-5 and 47-6.

[9] *See* Docket Entry No. 47-7.

[10] *See* Docket Entry No. 47-8.

on September 11, 2017, after Plaintiff did not file a petition with the MSPB for review of the initial decision .[11]

During the pendency of the MSPB appeal, Plaintiff's allegations of unlawful discrimination and retaliation were nonetheless investigated by the DoDEA, but a FAD for Administrative Complaint #003 was not received by Plaintiff until November 25, 2017.[12] In the FAD, the DoDEA found that Plaintiff was not subjected to a constructive discharge because of her disability or race, or in retaliation for prior EEO activity.[13]

Having failed to obtain administrative relief, Plaintiff then filed this *pro se* lawsuit against the Secretary of the United States Department of Defense ("Defendant"), on November 27, 2017.[14] *See* Complaint (Docket Entry No. 1). Plaintiff brings claims of unlawful employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*. ("ADA"). *Id*. at 1 and 4-5. Although Plaintiff also states that she brings her lawsuit under 42 U.S.C. § 1981(a) and that jurisdiction exists under 28 U.S.C. § 1367 for state laws claim, *id*. at 1 and 2, she does not specifically set out counts for relief under Section 1981 or state law, as she does for her claims under Title VII and the ADA. As relief, Plaintiff seeks compensatory damages, punitive damages, an award of back pay, and an order that Defendant re-employ her. *Id*. at 5.

In her complaint, Plaintiff contends that she is pursuing the issues that were part of Administrative Complaint #144, which she sets out as:

> whether plaintiff was subject to discrimination based on her disabilities (physical: injured right hand and osteoarthritis, hypertension, palpitations, chronic renal insufficiency, reflux diseases, iron deficiency anemia, hyperlipidemia, impaired fasting glucose, and Anxiety disorder), race (African-America) and reprisal (prior EEO Activity) when:

---

[11] *Id*. at 18.

[12] *See* Docket Entry No. 50-1 at 4-16.

[13] *Id*. at 9.

[14] Although Plaintiff's complaint was received and file-stamped on November 27, 2017, she signed and mailed the complaint on November 24, 2017. *See* Docket Entry No. 1 at 6-7.

> A. On August 12, 2016, she was denied a medical reassignment to a position at Fort Campbell Middle School (Wassom). A position in which the plaintiff was/is qualified and highly certified to teach.
>
> B. On August 15, 2016, Mr. Patti Ross, Supervisory Human Resources (HR) Specialist, Human Resources Directorate, DoDEA (a DoDEA HR person that the plaintiff has filed approx. 4 EEO complaints that involved Ms. Ross) denied plaintiff years of teaching experience in which she was previously awarded and denied 64 out of 94 graduate credits from her Masters +30 pay grade.
>
> C. Beginning on September 17, [2016], the DoDEA HR directed the Defense Finance and Accounting Service (DFAS) to reduce plaintiff's pay, as well as to collect erroneous debts, by way of DoDEA created debt tickets. Plaintiff's pay changed from the agreed upon amount of $76,800.00 to approx. $65,000.00.

See Complaint at 1-2. Plaintiff asserts that she is also pursuing the allegations of constructive discharge that were set out in Administrative Complaint #003. *Id.* at 2.

Plaintiff's requests for the entry of default against Defendant were denied, and the issue of service of process was eventually resolved. *See* Docket Entry Nos. 24, 32, 40, and 42. By Order entered April 23, 2018 (Docket Entry No. 40), Defendant was given sixty (60) days to respond to the complaint. In lieu of an answer, Defendant has filed the pending motion to dismiss.

## II. MOTION TO DISMISS AND RESPONSE

Defendant seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure based on the argument that the Court lacks subject-matter jurisdiction over Plaintiffs's claims because Plaintiff failed to file her lawsuit in a timely manner. *See* Memorandum in Support (Docket Entry No. 47) at 5-7. Defendant asserts that once the decision on Plaintiff's MSPB appeal in Administrative Complaint #003 became final on September 11, 2017, Plaintiff had thirty days to either request an administrative review of the decision with the EEOC or file a civil action in the district court, time deadlines of which Defendant contends that Plaintiff was advised in the ALJ's initial decision. Defendant argues that Plaintiff did not seek an administrative review with the EEOC and that her lawsuit was not filed until November 27, 2017, well beyond the thirty day period.

Plaintiff responds in opposition to the motion with a memorandum of law (Docket Entry No. 49) and several hundreds of pages of documents. *See* Docket Entry No. 50. Plaintiff argues that Defendant has confused the facts surrounding her two administrative complaints and that she diligently pursued her allegations of discrimination and retaliation despite what she contends was the purposeful mishandling and delaying of her administrative complaints by the DoDEA, EEOP, and MSPB. She further contends that, if the Court finds that her lawsuit has been untimely filed, equitable tolling should apply to excuse the untimeliness because the federal agencies involved either misled her as to her filing deadlines or made the process so confusing that any mistake on her part about filings deadlines is inadvertent and excusable in light of her diligence in pursuing her allegations.

### III. SUBJECT MATTER JURISDICTION

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1). "[T]he party invoking federal jurisdiction has the burden to prove that [subject matter] jurisdiction [exists]." *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015). If the Court determines that it lacks jurisdiction over certain claims, then it must dismiss those claims. *See Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003) (*quoting Riggs v. Island Creek Coal Co.*, 542 F.2d 339, 343 (6th Cir. 1976)) ("parties cannot waive the requirement of subject matter jurisdiction.").

### IV. CONCLUSIONS

The Court finds no merit in Defendant's motion as it pertains to the claims in this lawsuit that were raised in Administrative Complaint #144. These claims, which include claims that (1) Plaintiff was denied a reassignment to a position at Fort Campbell Middle School (Wassom), (2) was denied years of teaching experience in which she was previously awarded and denied 64 out of 94 graduate credits from her Masters +30 pay grade, and (3) was subject to reduced pay, *see* Complaint at 1-2,

were not part of the mixed case that was appealed to the MSPB. Instead, they were presented directly to the DoDEA via Administrative Complaint #144. Plaintiff received a FAD for this complaint on or about October 27, 2017, and, at that point, Plaintiff could either pursue a discretionary appeal to the EEOC or file a civil action. *See Lockett v. Potter*, 259 Fed.App'x 784, 786 (6th Cir. 2008). Plaintiff chose the latter option and proceeded to file her lawsuit. She was required to file her lawsuit within ninety days of receipt of the FAD, *see* 29 C.F.R. § 1614.407(a), which she clearly did. The Court does not see any basis for Defendant's argument that Plaintiff's lawsuit was not timely filed as to these claims. Defendant fails to distinguish the separate nature of the two administrative complaints filed by Plaintiff and the fact that they proceeded along different administrative paths.

However, the motion should be granted as to Plaintiff's constructive discharge claim, which was administratively pursued by Plaintiff as a mixed case in Administrative Complaint #003. In a mixed case, a federal employee adversely affected by a decision of the MSPB may seek review in a federal district court. 5 U.S.C. § 7703(b)(2). *Ballard v. Tennessee Valley Auth.*, 768 F.2d 756, 757 (6th Cir. 1985). A petition for judicial review in a mixed case must be filed within 30 days of receiving notice of the MSPB's final decision unless the employee asks the EEOC to review the discrimination issue. *See* 5 U.S.C. §§ 7703(b)(2) and 7702(a)(3); *Ballard*, 768 F.2d at 758 and 764.

The ALJ's initial decision became final on September 11, 2017, after Plaintiff did not file a petition with the MSPB for review of the initial decision. Plaintiff also did not ask for an EEOC review of the final decision and, thus, had 30 days from September 11, 2017, to file her lawsuit on the constructive discharge claim. She did not file her lawsuit until November 27, 2017, beyond the 30 day period and, thus, her lawsuit as to the constructive discharge claim is untimely.

Plaintiff argues that equitable tolling should apply to excuse the untimely filing of her lawsuit as to this claim. This argument fails because, regardless of the basis upon which Plaintiff asserts that equitable tolling should apply, the law in the Sixth Circuit is that the limitations period set out in Section 7703(b)(2) for pursuing a lawsuit is jurisdictional and is not subject to the doctrine of equitable tolling. *Johnson v. U.S. Postal Serv.*, 64 F.3d 233, 238 (6th Cir. 1995); *Hilliard v. U.S.*

7

*Postal Serv.*, 814 F.2d 325, 327 (6th Cir. 1987); *Dean v. Veterans Admin. Reg'l Office*, 943 F.2d 667, 669-70 (6th Cir.1991), *vacated and remanded on other grounds*, 503 U.S. 902 (1992).

Because Plaintiff did not timely file her lawsuit as it pertains to her constructive discharge claim, the Court lacks jurisdiction over this claim and the claim is subject to dismissal. *Felder v. Runyon*, 230 F.3d 1358, 2000 WL 1478145 at *2 (6th Cir. 2000) ("As Felder did not file his complaint within thirty days, the district court lacked jurisdiction over Felder's complaint."); *Burns v. Dep't of U.S. Air Force*, 23 F.3d 406, 1994 WL 144441 (6th Cir. 1994) (affirming district court order that dismissed case for lack of subject matter jurisdiction due to the untimely filing of complaint under Section 7703(b)(2); *Abell v. Dep't of Veterans Affairs*, 2018 WL 4471779 at *2 (W.D.Ky. Sept. 18, 2018) *Kubicki v. Brady*, 813 F.Supp. 1270, 1274 (E.D. Mich. 1993).

## RECOMMENDATION

Based on the forgoing, the undersigned respectfully RECOMMENDS that Defendant's motion to dismiss (Docket Entry No. 46) be:

1. GRANTED as to Plaintiff's constructive discharge claim and any claim contained in Administrative Complaint #003; and,

2. DENIED as to Plaintiff's other employment discrimination claims that were contained in Administrative Complaint #144.

If this Recommendation is adopted and the action is permitted to proceed, Defendant should be required to file an answer to any claims that remain in the lawsuit.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any

other party wishing to respond to the objections must file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge