# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **FAYE RENNELL HOBSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:17-cv-01485** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE HOLMES** |
| **LLOYD AUSTIN,** | ) | |
| **Secretary, Department of Defense,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 146), recommending the Court grant Defendant's Motion for Summary Judgment (Doc. No. 135), and deny Plaintiff's Motion for Summary Judgment (Doc. No. 87). In the Report, the Magistrate Judge determined that Plaintiff failed to present evidence creating a genuine issue of material fact to support her claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.,* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*

Plaintiff has filed Objections (Doc. Nos 153, 154) to the Report and Recommendation. Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 Fed. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting

*Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Many of Plaintiff's Objections discuss matters that are not relevant to the issues addressed by the Magistrate Judge's Report and Recommendation.[1] As to specific objections to the Report, Plaintiff argues the Magistrate Judge erred in denying her ADA failure to accommodate/discrimination claim. According to Plaintiff, Defendant violated the ADA by denying her a transfer to Ft. Campbell where her doctors were located. In considering this claim, the Magistrate Judge ruled as follows:

> The material facts of this claim are essentially undisputed and are readily discerned from the record despite Plaintiff's failure to file a Rule 56.01(b) statement of undisputed material facts. During 2015, Plaintiff made requests to DoDEA ["Department of Defense Education Activity'] officials to be transferred to Ft. Campbell as an accommodation for her medical issues. After some delay in getting Plaintiff's request to the proper officials, Defendant began the interactive process of determining the necessity of a reasonable accommodation and concluded that assigning Plaintiff to a teaching position in the CONUS was the appropriate accommodation for her medical needs. Defendant then located a vacant position in North Carolina, which was offered to Plaintiff and which she declined. After Plaintiff continued to request an assignment to a position at Ft. Campbell and identified a vacant position at the Ft. Campbell middle school, Defendant looked into the matter and advised Plaintiff that she was not eligible to be placed into the Ft. Campbell position because it was restricted to internal transferees, but she could be assigned to a vacant position at Ft. Knox that Defendant had located. Plaintiff ultimately accepted the Ft. Knox assignment.
>
> Plaintiff offers two theories for why Defendant should be deemed liable on her failure to accommodate claim. The first theory is that the only reasonable accommodation for her was an assignment to Ft. Campbell. Thus, she contends that the offered positions in North Carolina and Ft. Knox were unreasonable accommodations that failed to satisfy Defendant's obligation under the Act. However, '[t]he employer need not provide the accommodation that the employee requests or prefers.' *Trepka v. Board of Educ.*, 28 Fed. App'x 455, 459-60 (6th Cir.

---

[1]     For example, Plaintiff continues to argue about her constructive discharge claim, but that claim has already been dismissed by the Court. (Doc. No. 67).

2002). If a different reasonable accommodation is provided, 'an employee is not entitled to a particular reasonable accommodation.' *Id*. '[A]n employee cannot make his employer provide a specific accommodation if another reasonable accommodation is instead provided.' *Hankins v. The Gap, Inc.*, 84 F.3d 797, 800-01 (6th Cir.1996) (*citing Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68-69 (1986). To succeed on her claim, Plaintiff must show not only her entitlement to her requested accommodation, but also to the inadequacy of the offered alternatives. *Trepka*, 28 Fed. App'x at 460.

Plaintiff's theory fails because she has not set forth any evidence supporting her contention that a transfer to Ft. Campbell was the only reasonable accommodation that could be offered to her. The medical evidence provided in 2015 as support for Plaintiff's accommodation request stated that Plaintiff 'has several medical conditions which the specialists would like her to have periodic follow up' and that '[s]he would best be served being in a CONUS location or OCONUS with the available specialties (cardiology, nephrology, GI, hematology).' Subsequently in 2016, supporting medical evidence was provided that stated that Plaintiff 'has several medical conditions for which she requires periodic follow up with multiple subspecialties' and that '[s]he would be best serviced by being in a CONUS location with cardiology, nephrology, gastroenterology, and hematology subspecialists available.' Although the 2016 medical evidence also noted that Plaintiff receives her routine and primary medical care at the Gold Army Medical Home in Ft. Campbell, the recommendation was not for placement only near Ft. Campbell or for a placement only near medical care providers with whom Plaintiff already had relationships. There is no evidence in the record that the only accommodation that could reasonably permit Plaintiff to have the ability to visit medical care specialists and subspecialists was for her to be reassigned to Ft. Campbell. Plaintiff has simply not shown any evidentiary basis for a conclusion that she was entitled to be reassigned to Ft. Campbell as an accommodation or that the Ft. Knox assignment was inadequate to meet the needs set out in the supporting medical evidence. The Court does not question Plaintiff in her contention that being assigned to Ft. Campbell would have been more practical and easier for her, but that is not the test. There is no evidence in the record supporting a conclusion that Defendant violated the Rehabilitation Act by assigning Plaintiff to Ft. Knox instead of Ft. Campbell.

Plaintiff's second theory is that she was denied an assignment to a vacant English teaching position at the Wassom Middle School at Ft. Campbell for the 2016-17 school year, an assignment that would have been an easy reasonable accommodation. It is not disputed that Plaintiff notified DoDEA officials about the vacancy when it was posted in June 2016 and requested to be assigned to the position but that she was not assigned to the position. She asserts that she was qualified for the position, and had actually taught at that particular middle school previously, and that no reason existed to not assign her to the position as an accommodation.

An employer's duty to accommodate may include reassignment to vacant

3

positions comparable to what the disabled employee previously held. *Kleiber*, 485 F.3d at 869; *Hedrick v. Western Reserve Care Sys.,* 355 F.3d 444, 457 (6th Cir. 2004); *Burns v. Coca-Cola Enters., Inc.,* 222 F.3d 247, 256 (6th Cir. 2000). However, the plaintiff bears the burden of establishing that a vacant position exists and that she was qualified for the position. *Willard v. Potter*, 264 Fed.App'x. 485, 487-88 (6th Cir. 2008); *Peltier v. United States*, 388 F.3d 984, 989 (6th Cir. 2004). In response to Plaintiff's contention that she should have been assigned to the Wassom Middle School position, Defendant contends that the position was restricted by the applicable Master Labor Agreement to applicants from current educators already employed at Fort Campbell schools and that Plaintiff was not eligible for the position because she was a transferee from the DoDEA-Pacific. Plaintiff fails to address Defendant's assertion in her reply and offers no rebuttal evidence showing that she was, in fact, eligible for assignment to this position. Defendant was under no obligation to assign Plaintiff to a position for which she was not eligible, to 'waive legitimate, non-discriminatory employment policies' to accommodate her, or to 'violate other employees' rights under a collective bargaining agreement or other non-discriminatory policy.' *Hedrick*, 355 F.3d at 457 (citing *Burns*, 222 F.3d at 257). *See Bush v. Compass Grp. USA, Inc.*, 683 Fed. App'x 440, 450 (6th Cir. 2017) (the plaintiff's requested accommodation of transfer to a vacant position was unreasonable as a matter of law because the transfer would have required the employer to waive its non-discriminatory transfer policy). Plaintiff has not offered any evidence showing that she was eligible for assignment to the Wassom Middle School position as a teacher coming from the DoDEA-Pacific and, thus, that Defendant violated the Rehabilitation Act by not assigning her to the position.

(Doc. No. 146, at 15-18 (footnotes omitted)).

Plaintiff argues at length she was qualified for positions at Fort Campbell, but she does not address the Wassom Middle School position[2] or the restrictions of the Master Labor Agreement.[3] Thus, Plaintiff has not shown the Magistrate Judge erred in ruling on her ADA failure to accommodate/discrimination claim.

Plaintiff argues the Magistrate Judge also erred in denying her Title VII discrimination claim. The Magistrate Judge ruled on the discrimination claim as follows:

---

[2]  As the Magistrate Judge pointed out, the Wassom Middle School position is the only position alleged in Plaintiff's Complaint. (Doc. No. 146, at 17 n.17). Plaintiff's objections do not suggest otherwise.

[3]  Plaintiff's statement that she was a member of the union and lived close to Ft. Campbell (Doc. No. 153, at 9) does not address the restrictions at issue.

4

Plaintiff's motion is readily denied with respect to her racial discrimination claim. Contrary to Plaintiff's argument, *see* Plaintiff's Memorandum at 9-10, she offers no direct evidence of racial discrimination as to any of the challenged employment actions at issue. First, the emails relied on by Plaintiff fail to actually include any evidence of unmistakable and direct racial animus that shows racial hostility. As such, the emails are not direct evidence of racial discrimination. *Abbott*, 348 F.3d at 542. Second, the emails were sent several years prior to the events at issue and are unrelated to the actual employment actions at issue in this case. Accordingly, the evidence offered by Plaintiff is of marginal relevance and fails to support her assertion that she has direct evidence in support of her claim of racial discrimination. Both of these factors make the instant case clearly distinguishable from *Fite v. Comtid Nashville, LLC,* 686 F.Supp.2d 735, 750-51 (M.D. Tenn. 2010), to which Plaintiff refers to in her Memorandum. *Fite* involved direct evidence of ethnic slurs made by a supervisor a mere three weeks prior to the challenged employment decision.

Plaintiff also fails to offer evidence that satisfies a *prima facie* case of racial discrimination based upon circumstantial evidence. To demonstrate a *prima facie* case of discrimination, Plaintiff must show that: (1) she was a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position at issue; and (4) she was not selected for a position or promotions in lieu of someone outside the protected class or she was treated differently than similarly situated, non-protected employees with respect to the conduct at issue. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006). Even if the Court assumes Plaintiff satisfies the first three elements of a *prima facie* case, she has not pointed to any evidence that satisfies the showing required by the fourth element. *See* Plaintiff's Memorandum at 11. Although Plaintiff alleges that she was treated differently than white DoDEA employees, general allegations are not sufficient to support a *prima facie* case. *Stewart v. Esper*, 815 Fed. App'x 8, 17 (6th Cir. 2020); *Frazier v. USF Holland, Inc.*, 250 Fed. App'x 142, 147 (6th Cir. 2007). Plaintiff must provide evidence of specific individuals outside the protected class who were similarly situated with her yet were treated more favorably with respect to the challenged employment conduct at issue in her case. *Johnson v. Ohio Dep't of Pub. Safety*, 942 F.3d 329, 331 (6th Cir. 2019); *Dickins v. Interstate Branch Corp.*, 384 Fed. Appx. 465, 468 (6th Cir. 2010); *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992). Plaintiff has not supported her motion with any such evidence.

(Doc. No. 146, at 13-14),

Plaintiff contends she has satisfied the fourth element by citing emails (Doc. Nos. 88-11; 154-2) from "Marjorie Snyder" dated May 28, 2015, in which Ms. Snyder describes an infection she contracted during surgery in February 2012, and her ensuing efforts to obtain leave without pay and

5

other relief from the DoDEA over a two-year period. Apparently, Ms. Snyder was eventually reassigned to "SHAPE" in 2014, and was awarded damages and back pay.

In order to establish the fourth element, Plaintiff must show she is similar to her proposed comparator in "'all relevant respects.'" *Miles v. South Central Human Resource Agency, Inc.,* 946 F.3d 883, 893 (6th Cir. 2020) (quoting *Bobo v. United Parcel Serv., Inc.,* 665 F.3d 741, 751 (6th Cir. 2012)). Despite Plaintiff's contention, the emails do not establish that Ms. Snyder was similar to her in all relevant respects, nor do they show that Ms. Snyder was treated more favorably simply because she eventually obtained a position at "SHAPE." Plaintiff has not shown the Magistrate Judge erred in ruling on her Title VII discrimination claim.

Finally, Plaintiff contends the Magistrate Judge erred in denying her retaliation claims. The Magistrate Judge ruled on those claims as follows:

> Plaintiff's argument that she is entitled to summary judgment in her favor on her retaliation claim fares little better. Plaintiff offers no direct evidence of a retaliatory animus linked to any of the challenged employment decisions at issue. Once again, the evidence that she appears to point to as direct evidence of retaliation, *see* Plaintiff's Memorandum at 11-12, is not direct evidence supporting her claim because the evidence requires inferences to conclude a retaliatory animus exists, consists of emails occurring several years prior to the events at issue, and is not actually related to the challenged employment actions.

> Plaintiff's attempt to support her claim with circumstantial evidence through a *prima facie* case is similarly lacking. To establish a *prima facie* case of retaliation, Plaintiff must show: (1) she engaged in activity protected by Title VII; (2) the exercise of her protected rights was known to Defendant; (3) Defendant thereafter took an action that was materially adverse to her; and, (4) her protected activity was the but-for cause of the adverse employment action. *Kenney v. Aspen Tech, Inc.*, 965 F.3d 443, 448 (6th Cir. 2020). The fourth element of the *prima facie* case focuses on the causal connection between protected activity and the challenged employment action. *See Wingo v. Michigan Bell Tel. Co.*, 815 Fed. App'x 43, 46 (6th Cir. 2020). To establish a causal connection, Plaintiff must produce sufficient evidence from which a reasonable inference could be drawn that Defendant would not have taken the challenged action had she not engaged in the protected activity. *Taylor v. Geithner*, 703 F.3d 328, 339 (6th Cir. 2013).

6

The bulk of Plaintiff's supporting memorandum on her retaliation claim is directed at whether she suffered an employment action that was materially adverse to her. *See* Plaintiff's Memorandum at 11-13. However, this argument is not sufficient to carry her motion because, even if the Court assumes for the purpose of deciding her motion that she satisfies the first three elements of her *prima facie* case, she offers no evidence that satisfies the casual connection element. Indeed, Plaintiff offers no real argument in her memorandum as to this element. *Id.* While the *prima facie* burden is not an onerous one for a plaintiff asserting a retaliation claim, the *prima facie* case is not satisfied merely by evidence that satisfies the first three elements and an allegation that retaliation surely must be the actual motivation for the challenged employment action. *Wingo, supra.* A plaintiff must set forth some evidence that raises a reasonable inference of a casual connection between the protected activity and the challenged employment action. Plaintiff simply has not produced such evidence in support of her motion. The mere fact that some of the decision makers for the challenged employment actions in this case have been previously named by Plaintiff in her EEO complaints or had roles in employment actions that she has previously challenged is not, in and of itself, sufficient to infer a casual connection.

(Doc. No. 146, at 14-15).

Plaintiff argues she has established a causal link between the protected activity and the adverse action because the adverse action occurred "within months" after she filed complaints "against various Defendants within DoDEA."[4] (Doc. No. 153, at 5). In order to establish causation, a plaintiff must demonstrate that, "but for" the protected activity, the employer would not have taken the adverse employment action. *See E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 767 (6th Cir. 2015). Evidence of temporal proximity between the protected activity and the adverse employment action can constitute evidence of a causal connection. *George v. Youngstown State Univ.,* 966 F.3d 446, 460 (6th Cir. 2020). But temporal proximity alone generally is not sufficient to establish causation, and generally must be coupled with other indicia of retaliatory conduct. *See Kenney v. Aspen Techs., Inc.,* 965 F.3d 443, 448 (6th Cir. 2020); *Sensabaugh v. Halliburton*, 937 F.3d 621, 630 (6th Cir. 2019). Plaintiff has offered no other evidence linking the adverse employment action

---

[4]    Plaintiff continues to refer to herself as a "whistleblower," but as the Magistrate Judge explained, this case is not about whistleblowing. (Doc. No. 146, at 7 n.10).

with the complaints she filed. Thus, Plaintiff has not shown the Magistrate Judge erred in denying her retaliation claims.

For the reasons explained above, Plaintiff's objections fail to state viable grounds to challenge the conclusions of the Magistrate Judge, or otherwise provide a basis to reject or modify the Report and Recommendation. Having fully considered Plaintiff's objections, the Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 135) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (Doc. No. 87) is **DENIED.**

All claims having been dismissed, this Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

                      _____
                      WILLIAM L. CAMPBELL, JR.
                      UNITED STATES DISTRICT JUDGE

8